Green, J.
delivered the opinion of the court.
This is an action of ejectment to recover the possession of a quarter section of land in the Ocoee District. On the trial of the cause,; the plaintiff produced a grant from the State of Tennessee for the land in dispute, and proved that the defendants were in possession thereof when the action commenced.
• The defendants proved that one Adams was in possession of the quarter section in dispute at the date of the passage of the law to dispose of the land in the Ocoee District, and that Patrick J. Peck, one of the defendants, purchased his right of occupancy, and has been in possession of said land from 183S to the time of the commencement of this suit. It was also proved, that the improvements had been valued at $218 85, by commissioners regularly appointed by the entry-taker to value the same, and that the same have not been paid for by the general enterer, who now sues for the possession. It appeared that the valuation of the improvements was not made until 1845, after the commencement of this suit.
The court charged the jury in substance, that the non-payment for improvements was no bar to the plaintiff’s recovery; that the valuation of the improvements in this case, was made too late; that it was the duty of the settler to procure a valuation and present his claim for improvements in a reasonable time, and that it was not the duty of the enterer to seek out the occu *23 pant and tender him compensation for improvements. If the occupant is prevented from making his claim for improvements by the fraud of the enterer, or by other circumstances over which he had no control, a court of equity would relieve him, but the non-payment therefor, by the grantee, would be no bar to his recovery of the lands in ejectment.
A verdict and judgment were rendered in favor of the plaintiff’s lessee, and the defendant appealed to this court.
We think the court erred in the charge to the jury. The 6th section of the act to dispose of the lands in the Ocoee District, (1837, ch. 2,) provides, “That when any person or persons shall have actually settled upon the vacant lands in the said Ocoee District, and shall have valuable improvements thereon, and shall not enter or transfer the same as is provided for by virtue of the provisions herein before made for settlers, and the said valuable improvements shall be entered by any other person than such settler or his assignee, it shall not be lawful for such enterer to dispossess the settler, until the value of such improvements is paid by such enterer.” The act then directs, that if the parties cannot agree upon the value of the improvements, it shall be the duty of the entry-taker to appoint two disinterested persons to value the same.
We think the condition stipulated in this act, must be performed by the enterer, before he can dispossess the occupant settler. Grants made to the enterer under this law, have annexed to them this condition — and the enterer can be no more excused from its performance, than if it had been inserted in the grant — the act says, he must pay for the improvements, or he shall not dispossess the settler. The statute is imperative, and the courts have no power to dispense with its requirements.
If the settler will not agree to a fair valuation, the enterer can procure a valuation by commissioners appointed by the-entry-taker. If any impediment is in his way, that cannot be overcome in the mode pointed out by the statute, he may apply to a court of chancery, and adjust the compensation for improvements, and obtain a writ of possession.
It is argued, that the compensation required to be paid, is intended to apply to the settler alone, and not to his assignee.
*24 The statute will not bear this construction. The whole frame of the act shows that the assignee is placed, in all respects, upon the same footing with the original settler.
Reverse the judgment, and remand the cause for a new trial.